UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

FILED_____ ENTERED
_____ LODGED_____ RECEIVED

MAY 1 7 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

3-3-2017

RYAN DARK WHITE
Name, as Attorney-In-Fact
and representing the whole
Class of Plaintiffs

Ryan D. White 59130037
Federal Correction Complex
Allenwood Low
P.O. Box 1000
White Deer, PA 17887

v.

JKB-17-1355

THE UNITED STATES OF AMERICA, et. al

A CLASS ACTION SUIT

JURISDICTION

1. This Court has jurisdiction over this class action under the provisions of 28 U.S.C §1332(d) in that:

    a. Plaintiffs are citizens of the State of Maryland or other states of the United States.

    b. Defendants are residents of the State of Maryland or other states of the United States.

    c. At least one member of the class of plaintiffs are a citizen of a state different from at least one defendant within the meaning of 28 U.S.C §1332(d)(2)(A).

    d. The claims asserted by the Plaintiff class, aggregated as required by 28 U.S.C §1332(d)(6), exceed the sum of $5,000,000 within the meaning of 28 U.S.C. §1332(d)(2).

    e. The class of unnamed plaintiffs exceeds 100 in number within the meaning of 28 U.S.C. §1332(d)(5)(B).

CLASS ACTION ALLEGATIONS

2. Plaintiff brings this action on behalf of himself, as Attorney-In-Fact, and all persons who are included in the class.

3. Plaintiff is informed and believes, and on that basis alleges that this class of persons consists of approximately 10,000 persons.

4. The claims set forth in this complaint are common to each and every member of the class.

5. Plaintiff is a proper representative of this class of

1

5)  Yet unnamed defendants, 1 to 200, employees or contractors
of the Federal Bureau of Prisons (F.B.O.P) and the Maryland B.O.P,
working in the hereafter named building, by their own actions
or inaction, conspired or by their own to violate the rights
of plaintiffs in the ways hereby depicted.

6)  Governor of the State of Maryland, <u>Larry Hogan</u>, <u>Martin O'Malley</u>,
and employees of Maryland government, by their own actions or inaction,
conspired or by their own to violate the rights of plaintiffs in
the ways hereby depicted.

## SUMMARY OF DAMAGES

Each and all plaintiffs in this class action have been subject
to the following damages performed by Defendants:

The interlocutory rooms where plaintiffs met with their
counselors/attorneys was built in a way to compromise the privileged
communications between attorney-client in violation of the 6th
and 5th Amendments of the United States Constitution, the laws
and rules of the Federal Judicial Procedure and also the laws
of the State of Maryland.

The walls surrounding said rooms are "paper thin" and could
not maintain the privacy of communication between plaintiffs
and attorneys.  The communication could be overheard in the next
room(s) and also in the back of the room(s) where the medical
facilities of the correctional institution are based.

Prosecutors, their agents, paralegals, corrections officers,
and other staff from the detention institution could, and have,
heard all communications between plaintiffs and attorneys. Some
of these communications were recorded for further use by the
U.S. Government prosecutors or their staff. In many cases, evidence
that the government did not have was "discovered" by eavesdropping
on what constitutes as privileged communication.

That evidence was then used to coerce plaintiffs to sign
guilty plea agreements or made its way into trials used by government
against plaintiffs.

These activities have been going on since 2005 when the
rooms were commissioned. Thousands of plaintiffs have been irreparably
harmed by this intrusive surveillance of their private activities
with their attorneys.  There is plentiful evidence that will

6

be provided to sustain these allegations.  In most cases, the damage cannot be repaired, as plaintiffs are doing prison time or have already complted terms of incarceration.  That is why plaintiffs are asking for a monetary compensation and to have their convictions be expunged.

## FIRST CAUSE OF ACTION

Defendants , either individually or as employees, or acting for the benefit of the United States government, under color of law, or for their own benefit have subjected or caused to be subject Plaintiff to deprivation of his Constitutional rights, privileges, or immunities, acting against the Constitution of the United States, Constitution of Maryland, Federal Laws and State of Maryland Laws by acting in conjunction with others.

The actions of defendants in this case were to use or let plaintiffs use  the cubicles in the CDF (Chesapeake Detention Facility) in Maryland as a room to talk to his attorneys, while they knew, or should have known, that those cubicles or rooms were designed by purpose or by chance so that everything said in such cubicles could be heard by anyone standing just at the other side of its paper-thin walls scheme, and disregarding all the rights of Plaintiff's federal case to gather further information that they did not have before and subsequently use it to get plaintiffs to plead guilty of charges that were not accessible to the U.S. Attorneys.

Some officials for the U.S. Department of Justice and of the Bureau of Prisons had told Plaintiff that they knew of the 'on-purpose', or by chance; eavesdropping conducted by the defendants of all conversations that plaintiffs had with (their) attorneys. Acting under color of laws, by designation by others, of for their own benefit, defendants used the information gathered by overhearing the priveleged communications to violate Plaintiffs rights by then delivering by design, or for their own benefit, to U.S. Attorneys of the Baltimore office of U.S. Attorneys that

8

were in charge of prosecuting (his) case which in turn used said information in a conspiratorial scheme designed by the U.S. Attorneys, the Bureau of Prisons, and other defendants in this action to gather information by federal defendants/detainees and use it against them in a judicial process.

Some defendants were economically benefitting from "selling" information in a conspiratorial scheme designed by the U.S. Attorneys, the Bureau of Prisons, and other defendants in this action to gather information by federal defendants/detainees and use it against them in a judicial process.

Some defendants were economically benefitting from "selling" information to the United States Attorney's Office.

### SECOND CAUSE OF ACTION

Plaintiff replicates first cause of action and adds that those felonious actions of defendants deprived him of his rights afforded to defendants/detainees under color of law.

### THIRD CAUSE OF ACTION

Plaintiff replicates here cause of action one and adds that those actions were in violation of §1986 (42 U.S.C.S. §986) and committed conspiracy to neglect or prevent plaintiff's rights under the U.S. Constitution and its laws.

### FOURTH CAUSE OF ACTION

Under §1985, §242, §1983, we replicate the contents of the First Cause of Action here.

9

## ARGUMENT

The Fourth Amendment grounds for excluding the fruits of an illegal surveillance in already well-established in particular if this illegal surveillance attempts against due process of law violating the privilege of attorney-client conversations.

The privilege of attorney-client conversation is based on the trust that a client should have in speaking to an attorney. It is a cornerstone of judicial system.

If the state with all of its power can use a conversation between a client and his/her attorney and use it to further prosecute a defendant (defense), then we will surely be living in the dystopia of "1984", all our sacred civil rights will just be wet paper.  If some things should define our judicial system in opposition to totalitarian systems is the right to have an attorney, and the sacredness of communication by a defendant with that attorney.

The state cannot use a shortcut to prosecute a person based on ill-gotten admission against himself; that's why we have the Fifth Amendment which states no one can use an admission when it is ill-gotten.  Illegal surveillance to get admission against a defendant should never be used in a court of law.

If anything could be inferred from this situation is that when a conversation with counsel has been overheard, the constitutionality of the conviction is tainted...

> "the obnoxious thing in its mildest and least repulsive
> form...illegitimate and unconstitutional practices get
> their first footing in that way, namely, by silent approaches
> and slight deviations from legal modes of procedure."

Boyd v. U.S. 116 U.S.G 16 (1886)

10

"The essence of the Sixth Amendment right to effective assistance of counsel is, indeed, privacy of communication with counsel."

U.S. v. Brugman, 655 F.2d 540 (1981).

PLEADING

Thousands of plaintiffs have passed through the cubicles at this building.  Hundreds if not thousands have seen convictions using an unconstitutional and totalitarian use of surveillance. The state has used illegal surveillance to push inmate/detainees to sign guilty pleas, or used ill-gotten evidence in their trial.

Many have already completed their terms of incarceration, while others are still doing it.  Many have seen their physical and/or psychological health deteriorate while in prison, some have been raped, some have seen their families broken apart, or deceased.  Many have lost money due to loss of income.  Their lives have been shattered and their reputations damaged.

How can we pay these people for this suffering?

Submitted this __3rd__ day of __March__ of 2017.

Respectfully Submitted,

_Ryan Dark-White_

Ryan Dark-White