IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN DARK WHITE, #59130-037 | * |
| Plaintiff, | |
| v. | * CIVIL ACTION NO. JKB-17-1355 |
| | |
| UNITED STATES OF AMERICA | * |
| ATTORNEY GENERAL ASHCROFT | |
| ATTORNEY GENERAL GONZALEZ | * |
| ATTORNEY GENERAL HOLDER | |
| ATTORNEY GENERAL LYNCH | * |
| ATTORNEY GENERAL SESSIONS | |
| ROD ROSENSTEIN | * |
| WARDEN DONNA HANSEN | |
| LARRY HOGAN | * |
| MARTIN O'MALLEY | |
| UNNAMED DEFENDANTS, 1-200 | * |
| Defendants. | |

*****

## **MEMORANDUM**

On October 6, 2015, a criminal complaint was filed against Ryan Dark White. Thereafter, he was convicted of one count of felon in possession of ammunition and aiding and abetting, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 2. White was sentenced to a 27-month term, with three years' supervised release, and ordered to pay a $100.00 special assessment. Sentencing occurred on July 28, 2016 and judgment was entered that same day. *See United States v. White*, Criminal No. JKB-15-0545 (D. Md.).

On April 22, 2016, White was charged with one count of health care fraud, in violation of 18 U.S.C. § 1347. On July 28, 2016, he was convicted and sentenced to a 27-month term, concurrent with the sentence imposed on his possession conviction and three years of supervised release, and ordered to pay a $100.00 special assessment and $105,991.00 in restitution.

Judgment was entered on July 29, 2016. *See United States v. White*, Criminal No. JKB-16-0172 (D. Md.). No appeal was filed in either criminal case.

On May 17, 2017, White, who is currently confined at the Federal Correctional Complex-Allenwood in White Deer, Pennsylvania, filed this fee-paid, self-represented complaint for damages and the expungement of his convictions. He seeks class action certification on behalf of himself and other prisoners who were and are pre-trial detainees at the Chesapeake Detention Facility ("CDF") in Baltimore, Maryland from 2005 to the present. White alleges that the cubicles and rooms used by detainees at CDF to hold conferences with their attorneys have "paper thin" walls and conversations between the detainees and their attorneys may be overheard. ECF No. 1, pp. 4, 6. White claims that prosecutors and their agents have heard all communications between detainees and their attorneys and have recorded the conversations for use against federal defendants in their judicial proceedings to "coerce" criminal defendants to enter guilty plea agreements. *Id.*, pp. 4 & 7.

White seemingly asserts that the privilege of the attorney-client conversation was violated due to this "illegal surveillance" when communications between detainees and their attorneys were used to prosecute federal defendants. He raises claims under the Fourth, Fifth, and Sixth Amendments.[1] *Id.*, pp. 8-10.

Insofar as White seeks leave to obtain class certification, his request shall be denied. White must prove that he has met the requirements of numerosity, commonality, typicality, and

---

[1] In an attached exhibit, White discusses his representation by the Office of the Federal Public Defender and a panel attorney, their knowledge of "how things worked" in the "whisper rooms" and how information discussed with his attorney was recorded and used by the prosecutor in his criminal case. White further discusses his conversations with the prosecutor and defense counsel, their acknowledgement of the lack of confidentiality in the attorney-client rooms, and their statements that White "could not do anything about it." He maintains that after he wrote to politicians expressing this matter, his federal public defenders developed an "immediate conflict" and withdrew from his cases. ECF No. 1-1.

adequacy of representation, Fed. R. Civ. P. 23, and a class action can be maintained only if "the representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Self-represented plaintiffs are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately. *See Alexander v. New Jersey State Parole Board*, 160 Fed. Appx. 249, 249 n.1 (3d Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")).

Although White invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, he has not met his burden of showing that such jurisdiction exists under 28 U.S.C. § 1332. To the extent that his complaint presents a federal question raised against federal and state actors, his cause of action may be construed as an action filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

Insofar as White may be raising Fourth, Fifth, and Sixth Amendment claims going to the legality of his federal convictions, they are not yet cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.... But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Id.*

White's convictions have not been overturned, invalidated or called into question on direct appeal or by collateral review. Until White's convictions are set aside, any civil rights action based on the convictions and related matters will be barred because of the holding in *Heck v. Humphrey, supra.*[2] Any request for monetary damages is premature. White is advised that should he wish to challenge the constitutionality of his convictions, he may file the appropriate 28 U.S.C. § 2255 motion to vacate, but must do so within one year of the date his conviction became final.[3]

---

[2]  The rationale in *Heck* applies with equal force to 28 U.S.C. § 1331 actions filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *See Messer v. Kelly,* 129 F.3d 1259, at * 1 (4th Cir. 1997); *see also Lora–Pena v. F.B.I.,* 529 F.3d 503, 506 n. 2 (3d Cir. 2008); *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997); *Abella v.. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995).

[3]  Title 28 U.S.C. § 2255(f) provides a one-year statute of limitations for the filing of a motion to vacate. This section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For reasons stated above, this court will dismiss the complaint without prejudice. A separate Order follows.

Date: June 2, 2017

/s/ James K. Bredar
James K. Bredar
United States District Judge